IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Action No. 09-cv-00878-MSK-MJW

AMAN ENTERTAINMENT, INC., d/b/a/ DREAMAKERS,

    Plaintiff,

v.

ECHOSTAR SATELLITE, LLC, d/b/a/ DISH NETWORK,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

( Docket No. 33-2 )

WHEREAS, t appears that certain documents, information and tangible objects which have been or may be produced in this proceeding, may contain trade secrets or other confidential research, development, commercial, or other information, the public disclosure of which would cause injury;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order shall govern any testimony given at any deposition or pre-trial hearing or proceeding in this action, as well as all documents[1] or other material produced, whether in response to any discovery request or subpoena made pursuant to the Federal Rules of Civil Procedure or otherwise, and any copies, abstracts, excerpts, analyses, summaries or other materials (whether in written, computer or other form) which contain, reflect or disclose information contained in such testimony or other materials. The testimony, documents and materials referred to in this paragraph collectively shall constitute "Discovery Materials."

2. Any producing party[2] shall have the right, before disclosure to other parties, to designate as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" any Discovery Material it produces or provides, which is believed in good faith by an attorney or legal assistant on behalf of that party to constitute, reflect or disclose its trade secrets or other confidential research, development, commercial, or other information ("Designated Materials") within the scope of Fed. R. Civ. P. 26 (c)(1)(G). Any copies, abstracts, excerpts, analyses, summaries or other

---

[1] The term "document" as used herein shall include any "writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations-stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." *See* Federal Rules of Civil Procedure 34(a).

[2] For purposes of this Order, "producing party" includes: (a) any current and future party to the litigation; and (b) any other person served with a request or subpoena for documents pursuant to Fed. R. Civ. P. 30 and/or 45

2

materials which quote or discuss in detail "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information shall themselves be Designated Materials with the same designation. Any information which is designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall be immediately and at all times hereafter maintained and kept confidential by the receiving party[3], as subject to this Protective Order.

(A) "CONFIDENTIAL" MATERIALS SHALL MEAN THOSE DESIGNATED MATERIALS, INCLUDING ANY DOCUMENT, FILE, PORTIONS OF FILES, AND TRANSCRIBED TESTIMONY (AND ANY EXTRACT, ABSTRACT, CHART, SUMMARY, NOTE OR COPY QUOTING OR DISCUSSING IN DETAIL "CONFIDENTIAL" INFORMATION CONTAINED IN SUCH MATERIALS), WHICH INCLUDE TRADE SECRETS OR OTHER NON-PUBLIC RESEARCH, DEVELOPMENT, COMMERCIAL, OR OTHER CONFIDENTIAL INFORMATION; AND

(B) "RESTRICTED CONFIDENTIAL" MATERIALS SHALL MEAN THOSE DESIGNATED MATERIALS WHICH THE DESIGNATING PARTY BELIEVES IN GOOD FAITH ARE SO COMMERCIALLY SENSITIVE OR CONFIDENTIAL THAT DISCLOSURE TO THE RECEIVING PARTIES' EMPLOYEES, EVEN FOR THE PURPOSES PERMITTED WITH RESPECT TO MATERIALS DESIGNATED "CONFIDENTIAL," WILL NOT PROVIDE ADEQUATE PROTECTION TO THE INTERESTS OF THE PRODUCING PARTY, INCLUDING ANY INTERNAL MEMORANDUM CONTAINING OR REFLECTING ANY SUCH HIGHLY SENSITIVE OR CONFIDENTIAL MATERIALS AS WELL AS ANY DOCUMENT, FILE, PORTIONS OF FILES, AND TRANSCRIBED TESTIMONY (AND ANY EXTRACT, ABSTRACT, CHART, SUMMARY, NOTE OR COPY QUOTING OR DISCUSSING IN DETAIL "RESTRICTED CONFIDENTIAL" INFORMATION CONTAINED IN SUCH MATERIALS). PROVIDED, HOWEVER, THAT SUCH MATERIALS MAY ONLY BE DESIGNATED "RESTRICTED CONFIDENTIAL" IF THE DESIGNATING PARTY BELIEVES IN GOOD FAITH THAT THEIR DESIGNATION AS "CONFIDENTIAL" WILL NOT PROVIDE ADEQUATE PROTECTION.

3. All Designated Materials shall bear a legend affixed to each page (in a manner not obscuring any part of the text) stating that the material is either "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." Except as provided below in paragraphs 18, 19, and 20, all

---

[3] For purposes of this Order, "Receiving party" includes any party or person (other than the producing party) to whom Discovery Materials are produced.

3

Designated Materials shall be marked before being sent to any party. Where not possible to affix a legend to particular Designated Material, a producing party shall take reasonable steps to give all receiving parties notice of its status as Designated Material and the particular designation given.

4. In the event a producing party makes Discovery Material available for inspection in lieu of sending copies of Discovery Material to the receiving party, all Discovery Materials so produced for inspection and the information contained therein shall be treated by the receiving party as "RESTRICTED CONFIDENTIAL" prior to the receipt of copies of materials from the producing party. Upon receipt of copies, the designation indicated on the copy, if any, shall be the operative designation. Producing parties have the right to have persons present in the inspection room at all times during the receiving party's inspection of Discovery Material. If the producing party does have a person present in the inspection room during inspection by the receiving party, another room nearby shall be set aside for the receiving party and counsel to confer.

5. Deposition testimony may be designated before the testimony is officially transcribed by so stating on the record at the deposition or by providing written notice to counsel for all parties who have appeared in the action, the court reporter, and all attendees at the deposition prior to completion of the official transcript of the testimony. If deposition testimony is so designated prior to completion of the official transcript, the official transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" as the designating party directs, by the reporter on each applicable page and shall not be made part of the public record.

Regardless of designations made prior to completion of the official transcript, each deposition transcript in its entirety, except for transcripts designated "RESTRICTED CONFIDENTIAL" during the deposition, shall be treated as "CONFIDENTIAL" until ten (10) days after the receipt of the official transcript by counsel for the person whose information has been disclosed. Until ten (10) days after the receipt of the official transcript, deposition testimony may be designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" by giving written notice to counsel for all parties who have appeared in the action and all attendees at the deposition with respect to any further testimony (by page and line numbers) to be designated "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." A videotape of a deposition, any portion of which has been designated as "RESTRICTED CONFIDENTIAL," may be shown to persons entitled to see only "CONFIDENTIAL" information only if the party disclosing any such videotape takes every precaution to ensure that no "RESTRICTED CONFIDENTIAL" information is shown.

6. Any party to whom Designated Materials are produced, and law firms appearing as their counsel of record, may make only such use of Designated Materials as the preparation of this case and trial may reasonably require, and not for any business purpose, and in so doing shall disclose such Designated Materials only to those persons specified in paragraphs 7 and 8 of this Protective Order.

7. Discovery Materials designated or stamped "CONFIDENTIAL" may be given, shown, disclosed or made available by the receiving party only to the following persons:

(A)   ANY EMPLOYEE OR FORMER EMPLOYEE OF A PARTY TO THE LITIGATION TO WHOM IT IS DEEMED NECESSARY THAT THE DOCUMENTS BE SHOWN FOR PURPOSES OF THE LITIGATION;

5

(B)     OUTSIDE COUNSEL FOR THE RESPECTIVE PARTIES, AND EMPLOYEES OF AND INDEPENDENT CONTRACTORS ENGAGED IN CLERICAL WORK FOR SUCH COUNSEL NECESSARY TO ASSIST IN THIS ACTION;

(C)     OUTSIDE EXPERTS OR CONSULTANTS, WHO ARE NOT EMPLOYED BY THE RECEIVING PARTY OR BY ANY COMPETITOR OF THE PRODUCING PARTY (AS DEFINED BELOW) AND WHO ARE RETAINED BY COUNSEL FOR THE PURPOSES OF THIS ACTION, TO THE EXTENT SUCH DESIGNATED MATERIALS WILL ASSIST SUCH EXPERT OR CONSULTANT TO PREPARE A WRITTEN OPINION; PREPARE TO TESTIFY; OR ASSIST OUTSIDE COUNSEL IN THE PROSECUTION OF THIS ACTION, PROVIDED THAT SUCH EXPERT OR CONSULTANT AGREES TO USE ANY DESIGNATED MATERIALS SOLELY IN CONNECTION WITH THIS ACTION AND NOT FOR ANY OTHER PURPOSE;

   (I) A COMPETITOR OF ECHOSTAR/DISH IS DEFINED TO MEAN ANY EMPLOYEE OF ANY MULTICHANNEL VIDEO PROGRAMMING DISTRIBUTOR (INCLUDING ANY CABLE SYSTEM OR SATELLITE CARRIER), ANY BROADBAND PROVIDER, OR ANY COMPANY OFFERING OVER-THE-AIR OR SUBSCRIPTION TELEVISION PROGRAMMING OR OFFERING OR PROVIDING SIMILAR VIDEO CONTENT VIA OTHER MEDIA (SUCH AS THROUGH THE INTERNET).

   (II) A COMPETITOR OF AMAN/DREAMAKERS IS DEFINED AS ANY EMPLOYEE OF ANY MARKETING AGENCY, OR ANY COMPANY OFFERING MARKETING SERVICES (EVENTS, SWEEPSTAKES, PRINT, RADIO, TV, OR ONLINE ADVERTISING) OR ADVERTISING DESIGN SERVICES.

(D)     WITNESSES IN THE COURSE OF DEPOSITION OR TRIAL TESTIMONY WHERE COUNSEL HAS A REASONABLE AND GOOD FAITH BELIEF THAT EXAMINATION WITH RESPECT TO THE DOCUMENT IS FOR LEGITIMATE DISCOVERY OR TRIAL PURPOSES, AND ANY PERSON WHO IS BEING PREPARED TO TESTIFY WHERE COUNSEL HAS A REASONABLE AND GOOD FAITH BELIEF THAT SUCH PERSON WILL BE A WITNESS IN THIS ACTION AND THAT HIS EXAMINATION WITH RESPECT TO THE DOCUMENT IN CONNECTION WITH SUCH TESTIMONY;

(E)     THE AUTHOR OF THE DOCUMENT AND ANYONE SHOWN ON THE DOCUMENT AS HAVING RECEIVED IT IN THE ORDINARY COURSE OF BUSINESS;

(F)     COURT REPORTERS AND VIDEOGRAPHERS AND PERSONS PREPARING TRANSCRIPTS OF DEPOSITIONS;

(G)     THIS COURT, OR ANY OTHER COURT OF COMPETENT JURISDICTION (AND THEIR STAFF OR OTHER ESSENTIAL COURT PERSONNEL) SOLELY FOR PURPOSES OF LITIGATING THIS ACTION, AND SUBJECT TO PARAGRAPHS 14 AND 17 OF THIS ORDER; AND

(H)     ANY OTHER PERSON WHOM THE PARTIES FIRST AGREE IN WRITING OR ON THE RECORD TO BE AUTHORIZED TO VIEW "CONFIDENTIAL" MATERIAL, OR ANY PERSON WHOM THE COURT ORDERS MAY VIEW "CONFIDENTIAL" MATERIAL. SUCH DISCLOSURE MUST BE HANDLED CONSISTENT WITH SECTION 10 BELOW.

For purposes of paragraphs 7(a), 7(b), and 7(h), the terms "party" and "parties" refers only to the parties of record as of the date of entry of this Protective Order; disclosure to parties added to this litigation after such date may be made by a receiving party only upon the producing party's prior written agreement, or upon order of the Court.

8.     Discovery Materials designated or stamped "RESTRICTED CONFIDENTIAL" may be given, shown, disclosed or made available by the receiving party only to the following persons:

(A)     OUTSIDE COUNSEL FOR THE RESPECTIVE PARTIES, AND EMPLOYEES OF AND INDEPENDENT CONTRACTORS ENGAGED IN CLERICAL WORK FOR SUCH COUNSEL NECESSARY TO ASSIST IN THIS ACTION;

(B)     OUTSIDE EXPERTS OR CONSULTANTS, WHO ARE NOT EMPLOYED BY THE RECEIVING PARTY OR BY ANY COMPETITOR OF THE PRODUCING PARTY (AS DEFINED BELOW, AND WHO ARE RETAINED BY COUNSEL FOR THE PURPOSES OF THIS ACTION, TO THE EXTENT SUCH DESIGNATED MATERIALS WILL ASSIST SUCH EXPERT OR CONSULTANT TO PREPARE A WRITTEN OPINION; PREPARE TO TESTIFY; OR ASSIST OUTSIDE COUNSEL IN THE PROSECUTION OF THIS ACTION, PROVIDED THAT SUCH EXPERT OR CONSULTANT AGREES TO USE ANY DESIGNATED MATERIALS SOLELY IN CONNECTION WITH THIS ACTION AND NOT FOR ANY OTHER PURPOSE;

      (I) A COMPETITOR OF ECHOSTAR/DISH IS DEFINED TO MEAN ANY EMPLOYEE OF ANY MULTICHANNEL VIDEO PROGRAMMING DISTRIBUTOR (INCLUDING ANY CABLE SYSTEM OR SATELLITE CARRIER), ANY BROADBAND PROVIDER, OR ANY COMPANY OFFERING OVER-THE-AIR OR SUBSCRIPTION TELEVISION PROGRAMMING OR OFFERING OR PROVIDING SIMILAR VIDEO CONTENT VIA OTHER MEDIA (SUCH AS THROUGH THE INTERNET).

      (II) A COMPETITOR OF AMAN/DREAMAKERS IS DEFINED AS ANY EMPLOYEE OF ANY MARKETING AGENCY, OR ANY COMPANY OFFERING MARKETING SERVICES (EVENTS, SWEEPSTAKES, PRINT, RADIO, TV, OR ONLINE ADVERTISING) OR ADVERTISING DESIGN SERVICES.

(C)  THE AUTHOR OF THE DOCUMENT AND ANYONE SHOWN ON THE DOCUMENT AS HAVING RECEIVED IT IN THE ORDINARY COURSE OF BUSINESS;

(D)  COURT REPORTERS AND VIDEOGRAPHERS AND PERSONS PREPARING TRANSCRIPTS OF DEPOSITIONS;

(E)  THIS COURT, OR ANY OTHER COURT OF COMPETENT JURISDICTION (AND THEIR STAFF OR OTHER ESSENTIAL COURT PERSONNEL) SOLELY FOR PURPOSES OF LITIGATING THIS ACTION, AND SUBJECT TO PARAGRAPHS 14 AND 17 OF THIS ORDER; AND

(F)  ANY OTHER PERSON WHOM THE PARTIES FIRST AGREE IN WRITING OR ON THE RECORD SPECIFICALLY TO BE AUTHORIZED TO VIEW "RESTRICTED CONFIDENTIAL" MATERIAL, OR ANY PERSON THE COURT ORDERS MAY VIEW "RESTRICTED CONFIDENTIAL" MATERIAL. SUCH DISCLOSURE MUST BE HANDLED CONSISTENT WITH SECTION 10 BELOW.

  For purposes of paragraphs 8(a) and 8(f), the term "parties" refers only to the parties of record as of the date of entry of this Protective Order; disclosure to parties added to this litigation after such date may be made by a receiving party only upon the producing party's prior written agreement, or upon order of the Court.

9. All persons described in paragraphs 7(a), 7(c), 7(d), 7(h), 8(b) and 8(f) and to whom Designated Materials are disclosed or by whom Designated Materials are used, including parties, non-parties, and their representatives, shall, pursuant to section 9(a) below, be provided a copy of this Order, and agree in writing to be bound by the terms of this Order and shall take all necessary precautions to prevent any disclosure or use of Designated Materials other than as authorized by this Order; provided, however, that nothing in this Order shall preclude any party from disclosing the Designated Materials of a producing party to a witness of the producing party for the sole purpose of examining that witness at a deposition or at trial.

(A) PRIOR TO DISCLOSING DESIGNATED MATERIALS TO ANY PERSON DESCRIBED IN PARAGRAPHS 7(A), 7(C), 7(D), 7(H), 8(B) AND 8(F), COUNSEL SHALL OBTAIN FROM SUCH PERSON A SIGNED WRITTEN ACKNOWLEDGMENT, SUBSTANTIALLY IN THE FORM OF EXHIBIT 1 ANNEXED HERETO, THAT SUCH PERSON HAS REVIEWED A COPY OF THIS PROTECTIVE ORDER, WILL COMPLY WITH ITS TERMS IN ALL RESPECTS, WILL SUBMIT TO THE JURISDICTION OF THIS COURT FOR ADJUDICATION OF ANY DISPUTE ABOUT WHETHER SUCH PERSON HAS COMPLIED WITH THE TERMS OF THIS PROTECTIVE ORDER, AND WILL PROVIDE NOTICE AS REQUIRED BY PARAGRAPH 14 IN THE EVENT THAT THEY ARE DIRECTED BY COURT ORDER, SUBPOENA, OR OTHERWISE TO PRODUCE DESIGNATED MATERIALS.

(B) INDIVIDUALS WHO ARE AUTHORIZED TO REVIEW DESIGNATED MATERIALS PURSUANT TO THIS PROTECTIVE ORDER SHALL HOLD "CONFIDENTIAL" AND "RESTRICTED CONFIDENTIAL" INFORMATION IN CONFIDENCE AND SHALL NOT DIVULGE SUCH INFORMATION, EITHER ORALLY OR IN WRITING, TO ANY PERSON NOT OTHERWISE AUTHORIZED TO RECEIVE SUCH INFORMATION UNDER THIS PROTECTIVE ORDER, OR ANY GOVERNMENT AGENCY, UNLESS AUTHORIZED TO DO SO BY A FURTHER COURT ORDER OR REQUIRED TO DO SO BY LAW.

10. In the event that a party deems it necessary to disclose any Designated Material designated as "CONFIDENTIAL" to any person pursuant to paragraph 7(h), or to disclose any Designated Material designated as "RESTRICTED CONFIDENTIAL" to any person pursuant to

paragraph 8(f) (the "Proposed Disclosure"), that party shall notify counsel for the producing party in writing or on the record of (i) the Designated Materials it wishes to disclose; and (ii) the person(s) to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent permission of the producing party in writing or on the record (which shall not be unreasonably withheld), unless the party wishing to disclose obtains an order from the Court permitting the Proposed Disclosure.

11.   All counsel shall at all times keep secure all notes, abstractions, or other work product quoting or referring in detail to "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information from Designated Materials, shall be obligated to maintain the confidentiality of such work product, and shall not disclose or reveal the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" contents of said notes, abstractions, or other work product after the Designated Materials are returned or destroyed.

12.   No receiving party or other person who, at the request of the receiving party, examines any Designated Materials protected by this Protective Order shall disseminate orally, or by any other means, any "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information other than as permitted by this Protective Order.

13.   Nothing contained herein shall prevent any party from using or disclosing in any way its own Designated Material or information contained therein or documents or information obtained by such person independently of the discovery proceedings in this litigation, whether or not such documents or information are also obtained through discovery proceedings.

14.   In the event any receiving party is directed, by court order, subpoena, or otherwise, to produce "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information,

the receiving party shall provide written notice to the producing party, and a copy of the court order, subpoena, or other directive, at least ten business days before any such production is made, to provide the producing party an opportunity to object to such disclosure.

15. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the designating person of all pertinent facts relating to such disclosures and shall make every effort to retrieve the Designated Material and to prevent disclosure by each unauthorized person who received such information.

16. All documents and materials filed with the Court which comprise or contain Designated Material, or information taken therefrom, shall be filed, *consistent with D.C.COL.LCivR 7.2 and 7.3*, in sealed envelopes, or other appropriately sealed containers, which shall bear the title of this action, an indication of the nature of the contents, the identity of the party filing the materials, the words "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" as appropriate, and a statement substantially in the following form: "This envelope contains materials subject to a Protective Order entered in this action. Its contents shall not be revealed or made public except pursuant to order of this Court." Any pleadings, briefs or other papers filed with the Court by any party that quote or discuss in detail "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information also shall be filed under seal. For documents filed under seal, the party seeking protection must make an additional showing addressing the viability of redaction as an alternative to nondisclosure.

In the event that "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information or material is to be offered into evidence in a hearing, trial, or other proceeding before this Court,

11

the offering party shall so notify the producing party and the producing party shall ask the Court to consider what steps, if any, should be taken to protect the information or material.

17. Any receiving party may at any time notify the designating party, in writing, of its objection to the designation of any Designated Material as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL." Such notification shall include a description of the objected-to Designated Materials. In the event that there is a disagreement as to whether the material has been properly designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL," there shall first be an attempt, in good faith, to resolve such dispute via informal negotiation and stipulation between the producing party and the receiving party. If such negotiation fails to resolve the dispute, the party designating the particular materials shall thereupon have the burden of moving the Court for a determination of the appropriate designation of the materials. Information designated as Designated Material shall retain its Designated Material status as well as its category of designation (and shall be subject to the relevant restrictions in this Order) until such time as either (1) the parties expressly agree otherwise in writing, or (2) this Court orders otherwise, unless such order is under appellate review.

18. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said document or material "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" at a later date.

19. Inadvertent disclosure of any document or other information during future discovery in this action shall be without prejudice to any claims that such material is privileged

or otherwise protected from discovery within the meaning of Fed. R. Civ. P. 26(b)(3), and no party shall be held to have waived any rights by such inadvertent disclosure. In the event that a party inadvertently produces any document or information subject to such privilege or protection, the producing party may remedy such inadvertent production by providing written notice by electronic mail, facsimile or hand delivery to counsel for the receiving party promptly upon discovery of such inadvertent production. Upon receipt of the written notice, the inadvertently produced document or information shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceedings by any person without either: (1) the consent of the appropriate party; or (2) order of the Court. Such document or information shall not be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding. In the event any party receives any document from another party that on its face is subject to the attorney/client privilege, the attorney work product doctrine, or any other privilege, that party shall immediately either return or destroy such document and shall also destroy any summaries or descriptions of such documents.

20. In the event that a party inadvertently produces any document or information that contains "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information without designating the document or information as such, the producing party may remedy such inadvertent production by providing written notice by electronic mail, facsimile or hand delivery to counsel for the receiving party promptly upon discovery of such inadvertent production. On receipt of such notice, counsel for the receiving party shall within five (5) days return the documents to the producing party and destroy any copies thereof. The producing party shall

produce alternate copies of the documents bearing the appropriate legend within five (5) days of such notice. If counsel for the receiving party who received the "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" information already has disseminated it to any other person, including a party, he or she shall promptly notify all such persons in writing of the need to return and not to further disseminate such document or information.

21.   All Designated Material subject to this Protective Order shall, upon written request by the producing party, be returned to the producing party upon termination of this action (or, upon written permission by the producing party, destroyed). Termination of this action shall be taken and construed as the date 45 (forty-five) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final nonappealable order disposing of this case, or (c) the expiration of the time for any appeal. Upon such termination, counsel of record for the producing party shall notify counsel for the receiving party that they seek compliance with this provision. Counsel for the receiving party shall make a reasonable effort to retrieve any Designated Materials subject to this Protective Order from any person to whom such information has been given, and shall notify counsel for the producing party of the failure to retrieve any such information. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action one copy of (a) pleadings, motions, memoranda, and other documents filed with the Court; and (b) deposition, hearing and trial transcripts and exhibits; <u>provided, however</u>, that such counsel may not disclose "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" portions of retained materials to any other person and shall keep such materials in a manner reflecting their confidential nature.

22. After the termination of this action, this Protective Order shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other order of this Court. All such parties and persons shall continue to be subject to the jurisdiction of this Court for purposes of enforcement or modification by the Court of the terms of this Protective Order until Termination of This Case. ~~into perpetuity. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order. The Court shall not be divested of the power to enforce the terms of this Protective Order as to any person subject to the terms of this Order by the occurrence of the conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.~~

[handwritten initials: MSK 8/12]

23. Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" hereunder or otherwise complying with the terms of this Protective Order shall not:

(A) OPERATE AS AN ADMISSION BY ANY PARTY THAT ANY DESIGNATED MATERIAL DESIGNATED AS "CONFIDENTIAL" OR "RESTRICTED CONFIDENTIAL" BY ANY OTHER PERSON CONTAINS OR REFLECTS TRADE SECRETS OR ANY TYPE OF CONFIDENTIAL INFORMATION;

(B) REDUCE IN ANY WAY THE RIGHTS OF THE PARTIES OR OTHER PERSONS FROM WHOM DISCOVERY MAY BE SOUGHT TO OBJECT TO REQUESTS FOR DISCOVERY OR TO THE PRODUCTION OF DOCUMENTS THAT THEY CONSIDER PRIVILEGED FROM OR OTHERWISE NOT SUBJECT TO DISCOVERY, OR OPERATE AS AN ADMISSION BY ANY PRODUCING PARTY THAT THE RESTRICTIONS AND PROCEDURES SET FORTH HEREIN CONSTITUTE ADEQUATE PROTECTION FOR ANY PARTICULAR DESIGNATED MATERIALS;

(C) PREJUDICE IN ANY WAY THE RIGHTS OF ANY PARTY TO OBJECT TO THE AUTHENTICITY OR ADMISSIBILITY INTO EVIDENCE OF ANY DOCUMENT,

TESTIMONY OR OTHER EVIDENCE THAT IS SUBJECT TO THIS PROTECTIVE ORDER;

(D)	PREJUDICE IN ANY WAY THE RIGHTS OF A PARTY TO SEEK A DETERMINATION BY THE COURT WHETHER ANY DESIGNATED MATERIAL SHOULD BE SUBJECT TO THE TERMS OF THIS PROTECTIVE ORDER;

(E)	PREJUDICE IN ANY WAY THE RIGHTS OF A PARTY OR OTHER PRODUCING PERSON TO PETITION THE COURT TO AMEND THIS PROTECTIVE ORDER OR ENTER A FURTHER PROTECTIVE ORDER RELATING TO ANY DESIGNATED MATERIALS OR OTHER DISCOVERY MATERIALS; OR

(F)	PREVENT THE PARTIES FROM AGREEING TO ALTER OR WAIVE THE PROVISIONS OR PROTECTIONS PROVIDED FOR HEREIN WITH RESPECT TO ANY PARTICULAR DESIGNATED MATERIALS OR OTHER DISCOVERY MATERIALS.

24. References to "persons" in the Protective Order shall be taken and construed to refer to natural persons and to corporations and other entities.

IT IS SO STIPULATED THIS 11th DAY OF AUGUST 2009.

| | |
|---|---|
| /s/ Janette L. Ferguson (with permission) | /s/Mark A. Nadeau |
| S. Lee Terry, Jr. | Mark A. Nadeau |
| Janette L. Ferguson | DLA Piper US, LLP-Phoenix |
| Jessica L. Boynton | 2525 East Camelback Road, #1000 |
| Davis Graham & Stubbs LLP | Phoenix, AZ 95016-4245 |
| 1550 Seventeenth Street, Suite 500 | Tel: (480) 606-5100 |
| Denver, Colorado 80202 | Fax: (480) 606-5101 |
| Telephone: (303) 892-9400 | mark.nadeau@dlapiper.com |

*Attorneys for Plaintiff*

Kelly K. Robinson
Sherman & Howard L.L.C.
633 Seventeenth Street
Suite 3000
Denver, CO 80202-3622
Telephone: (303) 299-8252
krobinson@shermanhoward.com

*Attorneys for Defendant*

SO ORDERED:

[signature]

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

Dated: August 12, 2009

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Action No. 09-cv-00878-MSK-MJW

AMAN ENTERTAINMENT, INC., d/b/a/ DREAMAKERS,

    Plaintiff,

v.

ECHOSTAR SATELLITE, LLC, d/b/a/ DISH NETWORK,

    Defendant.

_____

    The undersigned, _____, hereby acknowledges that he or she has received a copy of the Protective Order entered in *Aman Entertainment v. Echostar Satellite*, has read the same in its entirety, understands the Protective Order, and agrees to be bound by all the provisions thereof. The undersigned further agrees to submit to the jurisdiction of the United States District Court for the District of Colorado for all disputes arising under the Protective Order and understands that failure to comply with the terms of the Protective Order may constitute contempt of court.

    Dated_____      _____